**UNITED STATES of America, Appellee,**

v.

**John T. MARLAR, Appellant.**

**No. 81–1713.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 7, 1982.

Decided Jan. 18, 1982.

Charles L. Honey, Honey & Rodgers, Prescott, Ark., for appellant.

Larry R. McCord, U. S. Atty., Steven N. Snyder, Asst. U. S. Atty., Fort Smith, Ark., for appellee.

Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Quachita County Judge John T. Marlar was convicted of a single count of mail fraud. The essence of the charge was that Marlar and Elbert P. Proctor knowingly and willfully devised a scheme to defraud and obtain money from Quachita County, Arkansas. Marlar was sentenced to a term of thirty months to run concurrently with sentences previously imposed on two other counts. A fine of $1,000 was also imposed. Marlar contends on appeal that the district court erred by failing to grant his motion for a directed verdict at the conclusion of the government's evidence and at the conclusion of all the evidence. He argues that the evidence is insufficient to support a finding that he defrauded or conspired to defraud the County in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2. Marlar also contends that the district court erred in permitting an FBI agent to testify that he had interviewed all of the members of Quachita County Quorum Court and that they had told him that they knew nothing about a purchase of land by the County from Proctor. After a careful review of the record and briefs, we affirm.

While the question is a close one, we hold that the evidence is sufficient to sustain the conviction and that the trial judge, Senior Judge Oren Harris, did not err in refusing to grant Marlar's motions for a directed verdict.

Marlar, in essence, testified that he arranged the purchase of forty acres of gravel land for the County, the primary purpose being to secure a source of gravel for the County for a period of years. He further testified that the title was put in the name of a trustee, rather than the County, because the County under state law could not obligate itself to make a purchase unless payment was to be made in a single year, the year in which the purchase was made; that he was not to benefit personally in any way; that the County was to have received all the gravel from the land as well as the

title to the land; and that the value of the gravel land greatly exceeded the purchase price. His testimony was supported by numerous witnesses.

The government's testimony went to the manner in which the transaction with Proctor was structured. It showed that the County's name was not mentioned in the trust deeds; that no gravel had been delivered to the County; that the method of payment indicated a desire to conceal the true nature of the transaction; and that hurried steps to restructure the transaction were taken after the FBI commenced its investigation.

In truth, there were very few factual disputes for the jury to resolve. Its principal task was to draw inferences from these facts. While this Court might have drawn another inference, we cannot say that the evidence here was not sufficient to permit it to find that Marlar intended to defraud the County, and we agree with Judge Harris that the evidence as to intent was sufficient to go to the jury.

We will not set aside the verdict on the grounds that the trial court erred in admitting the complained of testimony of the FBI agent. First, counsel for the defendant opened this area of inquiry during his cross-examination of the agent. Second, the evidence wasn't prejudicial to Marlar's case. It was clear from other testimony that Marlar made the deal without consulting the Quorum Court. Marlar testified that he did so under his general budgetary theory, and that he frequently didn't consult with the board about gravel purchases. Under the circumstances, there is no reversible error. In so holding, we do not reach the question of whether the testimony was admissible under an exception to the hearsay rule.

The judgment of the district court is affirmed.