941 F.2d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony PINEDA, Defendant-Appellant.
 No. 91-5261.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 26, 1991.
Decided Aug. 16, 1991.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-90-69-C)
 Nathan P. Diamond, Miami, Fla., for appellant.
 Thomas J. Ashcraft, United States Attorney, Carl Horn, Chief Assistant United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before PHILLIPS and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Tony Pineda was convicted of conspiracy to distribute more than five kilograms of cocaine (21 U.S.C. § 846) and appeals his conviction and sentence, contending that the government improperly bolstered the credibility of its witnesses and that the district court erred when it increased his base offense level by two for obstruction of justice. We affirm.
 
 
 2
 The evidence against Pineda consisted of testimony from three coconspirators,[1] Bob Deery, Carlos Chavarria and James Nesbit; Deery had bought cocaine from Pineda in Miami, the other two had transported the cocaine to North Carolina for sale. Deery and Chavarria testified under plea agreements which required cooperation with the government, while Nesbit had received a grant of immunity in return for his cooperation. In his cross-examination of these witnesses, defense counsel suggested that they might be pointing the finger at Pineda in order to gain more lenient treatment from the government. In particular, he suggested that Deery's first plea agreement offer was not to his liking and that he had subsequently identified Pineda as his source in hopes of getting a more favorable agreement; he suggested that Chavarria might be lying under oath; and he brought out the fact that Nesbit previously had told a grand jury that he was not absolutely sure where Deery got his cocaine.
 
 
 3
 FBI Agent June Rogers then testified that the initial investigation had focused on Deery, Chavarria and a Danny Smith, that numerous individuals had been interviewed in the course of the investigation and that, when first approached by the government long before their indictment, Deery, Chavarria and Smith had all identified Pineda as the source of their cocaine. Rogers also testified that Nesbit had been given immunity because he was a minor member of the conspiracy who could provide information which would shorten the investigation, and that all three witnesses had been instructed on their obligation to testify truthfully.
 
 
 4
 Evidence of prior consistent statements of a witness are specifically permitted to rebut a charge of recent fabrication or improper motive. Fed.R.Evid. 801(d)(1)(B); United States v. Henderson, 717 F.2d 135 (4th Cir.1983). It was not error to permit Rogers to explain why Nesbit was given immunity and to state that the plea agreements of Deery and Chavarria and Nesbit's grant of immunity required them to testify truthfully. Pineda concedes that such evidence can be introduced when a witness's credibility has been attacked, as it was here. Henderson, 717 F.2d at 138. The promise to testify truthfully did not receive disproportionate emphasis; neither was there any implication that the government had special knowledge of the witnesses' truthfulness. Id.
 
 
 5
 The reference to Smith's identification of Pineda was hearsay, as was the reference to others interviewed who did not testify, insofar as the jury might infer that any of them had implicated Pineda, and the district court may have erred in admitting this testimony.[2] However, the error, if any, was harmless because the defense attorney himself opened up the matter by questioning the government witnesses' motivations for testifying against Pineda and the timing of their decisions to do so. See United States v. Marlar, 668 F.2d 972 (8th Cir.1982). Moreover, the agent's testimony added little to the non-hearsay testimony of the three testifying witnesses that Pineda was their source. See United States v. Indelicato, 611 F.2d 376 (1st Cir.1979).
 
 
 6
 We find no error in the enhancement for obstruction of justice under U.S.S.G. § 3C1.1. Directly contradicting the testimony of the government's witnesses, Pineda testified at his trial that he had no involvement with drugs and that all his income was from legitimate sources. At sentencing, the district court accepted the probation officer's recommendation and the government's argument for an increase in offense level for obstruction of justice based on perjured testimony, thus making an independent factual finding that Pineda had committed perjury and deserved the enhancement. Although this finding was implied rather than distinctly articulated, the district court's intention is unmistakable; therefore, we need not remand for a specific finding.
 
 
 7
 See United States v. Saintil, 910 F.2d 1231 (4th Cir.1990) (record sufficiently discloses implicit finding of materiality). The finding of perjury is not clearly erroneous. Under the amendment to § 3C1.1 effective November 1, 1990, a finding of perjury is sufficient to permit application of the enhancement for obstruction of justice.
 
 
 8
 Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 The indictment named as defendants Pineda, Deery, Chavarria, Nesbit and Daniel Michael Smith
 
 
 [2]
 There was no objection to this particular statement, although defense counsel made numerous other objections during this portion of Rogers' testimony