993 F.2d 229
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Manfred Dean CROUSE, Defendant-Appellant.
 No. 92-5449.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 20, 1993
Decided: May 3, 1993
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Richard L. Voorhees, Chief District Judge. (CR-91-26-B)
 John M. Olesiuk, Devere Lentz & Associates, Asheville, North Carolina, for Appellant.
 Thomas J. Ashcraft, United States Attorney, Charlotte, North Carolina, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.
 W.D.N.C.
 Affirmed.
 Before PHILLIPS, MURNAGHAN, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Manfred Dean Crouse appeals his conviction and sentence for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a) (1988). Crouse raises several alleged trial errors and contests the district court's application of the sentencing guidelines. We find his contentions without merit and affirm.
 
 
 2
 Crouse was arrested in January 1991 outside of his home in Whittier, North Carolina after exchanging a firearm with an undercover government agent for one pound of marijuana. A search of the home following the arrest uncovered the marijuana, approximately fifty firearms, several firearms parts, and tools. As a result of this incident, Crouse was indicted on five counts of firearms violations, one count of possession of marijuana with intent to distribute in violation of § 841(a), and one count of using or carrying a firearm in connection with a drug trafficking transaction in violation of 18 U.S.C. § 924(c)(3) (1988). The firearms charges were dismissed, leaving only the §§ 841(a) and 924(c)(3) charges for trial.
 
 
 3
 Crouse was convicted by a jury of possession of marijuana with intent to distribute, but was acquitted of the § 924(c)(3) charge. The trial judge sentenced Crouse to twelve months in prison, three years of supervised release, and a fifty dollar special assessment.
 
 I.
 
 4
 Crouse raises two allegations of error related to the admission of two tape recordings into evidence. The recordings were of certain meetings between Crouse and Lindsey, an undercover agent, and Smith, an informant who also testified at trial. Crouse contends that the tapes should not have been admitted because they included extended discussions about guns and Crouse's callous attitude about crime in general, and as such, were admitted to show bad character in violation of Fed. R. Evid. 404(b). Crouse's second contention is that the jury should not have been permitted to follow the tapes using government prepared transcripts.
 
 
 5
 Both of Crouse's contentions are without merit. The tapes were admissible under Fed. R. Evid. 404(b) because they aided the jury by explaining the "context of the crime" and showed Crouse's intent to exchange the gun for drugs; both are purposes allowed under Rule 404(b). See United States v. Masters, 622 F.2d 83, 86 (4th Cir. 1980). Because the tapes were relevant for a purpose other than showing bad character, and therefore were admissible under Fed. R. Evid. 404(b), the trial court did not err in admitting them as evidence at trial.
 
 
 6
 The use of the transcripts was also proper. The trial court has discretion as to whether it will allow a jury to view transcripts of sound recording evidence. United States v. Collazo, 732 F.2d 1200, 1203 (4th Cir. 1984), cert. denied, 469 U.S. 1105 (1985). In light of the evidence in the record that the trial judge instructed the jurors that the transcripts themselves were not evidence and encouraged the defense to engage in cross-examination based on the tapes, the trial judge did not abuse his discretion in allowing the jury to use the transcripts while listening to the recordings.
 
 II.
 
 7
 Crouse contends that the trial court erred in denying his motion to dismiss, which was made at the conclusion of the government's case. He asserts that the prosecution's case was based almost entirely on the tapes which did not include a recording of the actual drug transaction, and that the government had no "credible" evidence to support a guilty verdict. This contention is without merit.
 
 
 8
 Viewing the evidence in the light most favorable to the government, there was sufficient evidence for a rational trier of fact to find Crouse guilty beyond a reasonable doubt of possession of marijuana with intent to distribute. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). The verdict is supported by the tapes and testimony of Lindsey and Smith. The tapes include references to exchanging the gun for drugs. Although the tapes themselves do not actually include the transaction, that occurrence is supported by the testimony of Lindsey and Smith. Crouse implies in his brief that the testimony was not credible. However, the credibility of witnesses is in the sole province of the jury and is not reviewable here. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). The trial court did not err in denying Crouse's motion to dismiss because the evidence presented by the prosecution was sufficient to support a guilty verdict.
 
 III.
 
 9
 Crouse also alleges that he was entrapped by the government into exchanging the gun for marijuana. The evidence presented at trial was sufficient to show beyond a reasonable doubt that Crouse was predisposed to commit the crime. See Jacobson v. United States, 60 U.S.L.W. 4307 (U.S. 1992) (explaining that the government must prove predisposition beyond a reasonable doubt). Smith testified that he suggested exchanging the gun for marijuana only after Crouse told him that he had a friend who could use "a couple of pounds" of marijuana a week if Crouse could get it. Further, the tapes reveal that Crouse's misgivings about the exchange stemmed from his concern that he might not be able to get rid of the marijuana or that he might intrude on Lindsey's territory because he believed Lindsey to be a drug dealer. This evidence is sufficient to support the jury's finding that Crouse was not entrapped.
 
 
 10
 Crouse further contends that the trial judge's jury instruction regarding entrapment was erroneous. Crouse, however, did not object to the instruction at trial. As a result of Crouse's failure to object, we review the jury instruction only for plain error. United States v. McCaskill, 676 F.2d 995, 997 (4th Cir.), cert. denied, 459 U.S. 1018 (1982). Viewing the instruction as a whole, we find no evidence of plain error.
 
 IV.
 
 11
 Crouse alleges that his Sixth Amendment rights were violated because his trial was moved from the Bryson City Division of the Western District of North Carolina to the Asheville Division and because the jury venire consisted of all white citizens. These contentions are without merit. The trial in Asheville was proper according to Fed. R. Crim. P. 18, which requires that a criminal trial be held in the same district as where the offense was committed. Fed. R. Crim. P. 18. There is no requirement that the trial be held in the same division as that where the offense was committed. United States v. Florence, 456 F.2d 46, 49-50 (4th Cir. 1972). Crouse waived his right to argue on appeal the deficiencies in the jury venire because although he objected at trial, he objected only for the record, and refused to argue the issue when requested by the judge to argue his position and cite relevant case law. As a result, we find both of Crouse's contentions without merit.
 
 V.
 
 12
 Finally, Crouse contests the application of the sentencing guidelines on two grounds. First, he contends that the district court improperly assessed a two point enhancement for use of a dangerous weapon pursuant to United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) (Nov. 1991). Crouse contends that the weapon should not have been counted because it was the subject of the transaction and was not loaded and, therefore, not dangerous.
 
 
 13
 The enhancement was proper. Evidence presented at trial supports the district judge's finding. The tapes and testimony conclusively showed that the weapon exchanged was connected to the crime. The district judge's finding that the enhancement applied was supported by the evidence and was therefore, not clearly erroneous. See United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990) (stating the standard of review as the clearly erroneous standard).
 
 
 14
 Second, Crouse contends that the district court erred in assessing an enhancement for obstruction of justice under U.S.S.G. § 3C1.1. The enhancement was based on two acts by Crouse. First, after his indictment, Crouse went to several area insurance companies and stated that he was a private investigator investigating Smith and told the companies that Smith had filed fraudulent insurance claims. This action was apparently in an effort to intimidate a witness, Smith, who owned an auto body shop and relied on his reputation with insurers to support his business. The presentence report also found that Crouse had obstructed justice because he failed to reveal a previous conviction that was material in preparing the presentence report.
 
 
 15
 The trial court did not err in assessing the enhancement for obstruction of justice. At the sentencing hearing, the probation officer testified that he spoke to insurance agents who told him of Crouse's visits to their offices and his actions. Further, Crouse does not contest the fact that he failed to reveal a prior shoplifting conviction.* The obstruction of justice enhancement is supported by either of the two grounds. As a result, the trial judge's finding that the enhancement was warranted was not clearly erroneous. See United States v. Saintil, 910 F.2d 1231, 1233 (4th Cir. 1990) (applying the clearly erroneous standard of review).
 
 
 16
 All of Crouse's contentions on appeal are without merit. Accordingly, we affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Crouse contends that this was not a material omission because it would not change his criminal history status. He asserts that another conviction, failure to obtain a professional license, was improperly counted in calculating his criminal history and that if this crime is not counted he will not be assessed criminal history points and the omission will be immaterial. This argument is feckless. The licensing conviction was properly counted because it resulted in "a term of probation of at least one year." U.S.S.G. § 4A1.2(c)(1)