7 F.3d 228
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert Donovan PEARSON, Defendant-Appellant.
 No. 92-5333.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 29, 1993.
Decided: September 29, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CR-90-143-R)
 Richard Lee Lawrence, Roanoke, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Julie M. Campbell, Assistant United States Attorney, Abingdon, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before WIDENER and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Albert Donovan Pearson was convicted and sentenced after a trial by jury for conspiring to distribute or to possess with intent to distribute more than 1500 grams of a cocaine base in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1981 & Supp. 1992), using a communication facility to facilitate the conspiracy in violation of 21 U.S.C. § 843(b)-(c) (1988), and possessing with the intent to distribute fifty grams or more of a cocaine base in violation of 21 U.S.C.A. § 841(a) (West 1981 & Supp. 1992). Pearson now appeals, arguing that the district court incorrectly increased his base level by two points for obstructing justice because his misrepresentation at a bond hearing was neither material nor willful. We affirm the district court's decision.
 
 I.
 
 2
 At Pearson's initial bond hearing, he tendered to the court a letter from Norman Ross, the alleged president of LePress, Printing Inc., which stated that Pearson was employed by the company and would have continued employment if released on bail.[1] The court released Pearson on bail of $100,000. Later that same day, the government moved to reconsider bond upon discovering that the letter was false.[2] At the second bond hearing, that same afternoon, the court denied bond.
 
 
 3
 At a third bond hearing, over three weeks later, Ross testified that Pearson's father requested that he write the letter so that his son could be released on bail and that Pearson called him, inquiring about the letter. Ross further testified that he had no doubts that Pearson knew that the letter contained false information. Although the court found that Pearson was aware of the letter's false contents, the court released Pearson on bond because his trial could not be held until after Christmas. Bond was set at $150,000.
 
 
 4
 After a two-day trial, the jury returned a guilty verdict on all six counts. The district court held that, under section 2D1.1(a)(3),[3] the appropriate offense level for Count One was thirty-eight but granted a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). Pursuant to U.S.S.G. § 3C1.1, the judge increased Pearson's base offense by two points, finding that Pearson had obstructed justice by presenting false evidence during his bail hearing. Based on a total offense level of thirty-eight and a criminal history of III, the court sentenced Pearson to 292 months of incarceration and five years of supervised release, and ordered him to pay a special assessment of $300.[4] Pearson now appeals.
 
 II.
 
 5
 Pearson argues that the letter presented at the initial bond hearing was not material to the prosecution of his drug offenses as required by U.S.S.G. § 3C1.1 because: (1) the court granted him release on bond in spite of the letter; (2) the judge did not charge him with the obstruction of justice at the bond hearing; and (3) the Application Note to § 3C1.1 does not mention bail proceedings. Since materiality is a factual determination, we review the district court's decision for clear error. See United States v. Hicks, 948 F.2d 877, 887 (4th Cir. 1991). We find that the finding made by the district court on this point was not clearly erroneous.
 
 
 6
 Contrary to Pearson's allegation, the "action in providing false information to pretrial services officer, who was conducting a bail investigation for the court, falls squarely within the application note." United States v. Ojo, 916 F.2d 388, 393 (7th Cir. 1990). Moreover, we have no doubt that Pearson's tender of the letter was considered material by the district court; upon discovery of the misinformation, the court denied bail for over three weeks and, when bail was finally granted, it was increased to $150,000. This was sufficient to support the adjustment in this case. See Hicks, 948 F.2d at 886 (holding that defendant's attempt to obstruct justice did not have to be successful to justify an increase pursuant to U.S.S.G. § 3C1.1); United States v. Saintil, 910 F.2d 1231, 1233 (4th Cir. 1990) (holding materiality does not require showing of actual harm to government).
 
 III.
 
 7
 Pearson also argues that there was no evidence that he acted willfully to obstruct justice. Under the guidelines, an act is willful if its purpose is to obstruct. United States v. Romulus, 949 F.2d 713, 717 (4th Cir. 1991). Even accepting Pearson's assertion that he did not know there was a change in ownership of the print shop, the fact remains that Pearson knew that the letter contained inaccurate[5] information, and yet, he willfully tendered the letter in support of his release from custody on bail. Pearson fails to explain why he would intentionally introduce inaccurate information at such a hearing if his purpose was not to deceive the court and gain release from custody. Therefore, we cannot hold that the district court erred in finding that Pearson willfully obstructed justice.
 
 
 8
 For the foregoing reasons, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The letter stated:
 To whom it may concern:
 This memo is to confirm that Mr. Albert D. Pearson was working for LePress, Printing Inc., from September 23, 1989 to present in binder. When he is able to return to duty[,] I will bring him back on board with the company.
 
 
 [2]
 The United States Probation Officer handling the case received a facsimile from Eunice L. Micciche, which stated that she purchased the LePress Inc. on December 28, 1990 and formed a new corporation known as LePress Printing Co. Inc., that Pearson had not been employed by the company, and that there was no employment available at the company for Pearson
 
 
 [3]
 United States Sentencing Commission, Guidelines Manual, § 2D1.1(a)(3) (Nov. 1991)
 
 
 [4]
 The court gave Pearson the same sentence, running concurrently, for Count 6 and sentenced him to 48 months, running concurrently, on each of his four remaining counts
 
 
 [5]
 Pearson concedes that the letter contained an inaccurate description of his own work record. Furthermore, Pearson admits that he did not withdraw the letter from evidence when he knew that the letter contained false information