28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Herbert Charles COUNCIL, a/k/a Charlie, Defendant-Appellant.
 No. 93-5556.
 United States Court of Appeals, Fourth Circuit.
 Argued April 15, 1994.
Decided June 9, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-92-97-P).
 Lee W. Kilduff, Morchower, Luxton & Whaley, Richmond, VA, for appellant.
 Harry Thomas Church, Asst. U.S. Atty., Charlotte, NC, for appellee.
 Lawrence Wilson Hewitt, James, McElroy & Diehl, P.A., Charlotte, NC, for appellant.
 Jerry W. Miller, U.S. Atty., Asheville, NC, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WILKINSON, Circuit Judge, BUTZNER, Senior Circuit Judge, and DOUMAR, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Herbert Council appeals his jury conviction for conspiracy to possess with the intent to distribute cocaine. Council contends that there was insufficient evidence to find that he was part of a conspiracy and that the proof at trial established numerous conspiracies rather than the one conspiracy charged in the indictment. He also challenges the district court's finding as to amount of cocaine that was reasonably attributed to him and to the enhancement of his sentence for obstruction of justice. Council claims that he was not given a Miranda warning and thus statements he made to government agents should have been suppressed and that the district court's charge to the jury to disregard testimony about the Miranda issue was improper.
 
 I.
 
 2
 Herbert Charles Council was charged with one count of conspiracy to possess with the intent to distribute and to distribute cocaine in violation of Title 21, U.S.C., Secs. 841(a)(1) and 846. Council was tried on this charge before a jury. Before this trial began, the court held a hearing to determine whether post-arrest statements by Council should be suppressed. The court denied Council's motion to suppress. The jury was unable to reach a verdict and a mistrial was declared.
 
 
 3
 At the second trial on April 12, 1993, Carol Murray testified that he sold cocaine for Johnny Perez. He testified that other Dominicans also worked for Johnny Perez, including Rafael Rivas, Alberto Reyes, Ramon Perez, Eli Brilliant (AKA Felipe), Jose Pena, Tony Perez, Orlando Santana, and Rafaelina Perez.
 
 
 4
 Murray testified that he met Council in 1989 and began supplying cocaine to him in 1989 or 1990. He delivered to Council between three (3) and five (5) kilograms of cocaine during that period. He admitted that he first told Agent Mike Lewis that he had never sold to Council, but that this was not true.
 
 
 5
 Jaime Johnson testified that he worked for Johnny Perez. He testified that Johnny told him to say that he worked for Council at his business, Perfect Creations, if he were arrested. He sold cocaine to Council about five or six times in amounts of eight to ten ounces. He was also aware of others in the organization who sold cocaine to Council, including Edwardo Island, Jose Hernandez and Rafaelina Perez, who sold kilo quantities to Council. He also testified that he and others took cars to Council to be painted in order to interfere with the police investigation.
 
 
 6
 Eli Brilliant testified that he is also known as Felipe Williamson and Heriberto Rosario. He came to work for Johnny Perez in January or February of 1990. From March or April of 1990 until January or February of 1991, he sold Council an average of seven to eight ounces of cocaine per week. He further related that he had a number of other customers.
 
 
 7
 Sergio Perez testified that he worked for Johnny Perez's organization. He testified that the organization sold kilograms of cocaine to Jimmy Ferguson. He further testified that he sold eight ounces of cocaine to Council. He testified that Council painted the organization's cars in order to confuse the police.
 
 
 8
 Jose Pena testified that he came to Charlotte in March or April of 1990 to sell cocaine for Johnny Perez. He testified that Council was one of the customers of the organization and that he sold 45 to 50 ounces to Council. He also testified that he sold a total of eight or nine kilograms of cocaine during the time he was in Charlotte. Pena testified that he left Charlotte in the middle of 1990 and returned in March of 1992. When he returned, he resumed selling cocaine to Council. Pena also related that on April 16, 1992, he sold 18 ounces of cocaine to Undercover Agent Lewis at Council's request.
 
 
 9
 Roderick Bailey, a Charlotte Police Officer, testified that he purchased two and four ounces of cocaine respectively from Jaime Johnson and Jose Hernandez.
 
 
 10
 Layne Flowe, a Charlotte Police Officer, testified that he stopped Sergio Perez while Perez was operating an automobile. A search of Perez revealed a bag of cocaine.
 
 
 11
 Charlotte Police Officer Gregory Hester testified that a subsequent search of the car being driven by Perez revealed 6 ounces of cocaine hidden in a secret compartment within the car.
 
 
 12
 Jennifer Mills and Tony Aldridge, Forensic Chemists for the Charlotte Police Department, testified concerning their analysis of Government's Exhibits 5A, 6A, 6B, 7A, 8A, through 8D, 9A, 15C, 10A and 4A. Their testimony was that these exhibits contained cocaine in various amounts.
 
 
 13
 Raymond Spencer testified that he purchased cocaine from Council approximately three to five times in quantities of quarter ounce, eighths of ounces and half ounces. He testified that he also purchased a half ounce of crack cocaine from Council.
 
 
 14
 Sarah Spencer testified she had seen Council sell cocaine four or five times in front of her house.
 
 
 15
 Kenneth Strother testified he purchased cocaine from Council three or four times in 1990. He testified that he purchased nine ounces each time. He also testified that he had his own organization and that this organization purchased approximately five or six kilograms of cocaine from Council.
 
 
 16
 Mike Lewis, an agent with ATF, testified that on April 16, 1992, he along with other officers, searched Council's residence. They found a quantity of marijuana, crack cocaine and powder cocaine. Agent Lewis testified that Council was read his Miranda warnings and agreed to cooperate with law enforcement officers. Lewis testified that Council told him that he acted as a middle man and that he would introduce people to the Dominicans for drug purchases. He also testified that Council told him that he rented some pagers to the Dominicans. Lewis had Council set up an 18-ounce cocaine deal with Pena. In addition, Council made numerous calls to Johnny Perez which were taped. The tape was played for the jury.
 
 
 17
 Council testified that he never had any drug transactions with any of the persons who testified until he set up the buy for Agent Lewis. He related that he was able to set up this buy because Pena had called him the previous day to set up an appointment to have a car painted and he thus had his telephone number. He further testified that he only knew Johnny Perez through his conversations with him pertaining to a car that he sold Perez's girlfriend.
 
 
 18
 Council was convicted after the second trial, and on July 13, 1993, a sentencing hearing was held. Council was sentenced to 252 months imprisonment.
 
 II.
 
 19
 Council argues that there is insufficient evidence to find beyond a reasonable doubt that he conspired with any of the witnesses. Appellant attacks the credibility of the government's witnesses because they were testifying in hopes of receiving reduced sentences.
 
 
 20
 The standard of review for a sufficiency of the evidence claim is "whether viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt." United States v. Saunders, 886 F.2d 56 (4th Cir.1989) (quoting United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982) (emphasis in original)).
 
 
 21
 The elements of the crime of conspiracy are (1) an agreement between two or more persons and (2) to commit in concert an unlawful act. Morrison v. California, 291 U.S. 82, 92 (1934). The government must show that defendant knew of the conspiracy's purpose and it must show some action indicating his participation in the conspiracy. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.1992).
 
 
 22
 The government's evidence showed that at least fourteen (14) kilograms of cocaine from various members of Perez's organization were distributed to or on behalf of Council. Agent Lewis testified that Council had told him he acted as a middleman for the conspiracy by introducing customers to them but not purchasing directly from them. He admitted supplying the organization with pagers.
 
 
 23
 Once it has been shown that a conspiracy exists, the evidence need only establish a slight connection between the defendant and the conspiracy to support conviction. United States v. Seni, 662 F.2d 277, 285 n. 7 (4th Cir.1981), cert. denied, 455 U.S. 950 (1982).
 
 
 24
 The evidence adduced at trial must be viewed in the light most favorable to the Government, assuming its credibility, drawing all favorable inferences from it, and taking into consideration all evidence. United States v. Guinta, 925 F.2d 758 (4th Cir.1991). Therefore, Council's argument that the testimony of the government's witness is not credible cannot be the basis for a sufficiency of the evidence claim. The Government produced sufficient evidence to show that Council knew the purpose of the conspiracy and did act so as to participate in the conspiracy.
 
 
 25
 Council also claims that the Indictment charged a single conspiracy but that numerous conspiracies were proven. Appellant argues that this prejudiced him, because the barrage of testimony pertaining to drug transactions by people that Council did not know had to have a psychological effect on the jury.
 
 
 26
 In United States v. Hines, 717 F.2d 1481 (4th Cir.), cert. denied, 467 U.S. 1214 (1983), this court has addressed whether a conviction must be reversed when the government's evidence shows more than one conspiracy. In Hines the court found that there was a two-tier conspiracy with a wholesale and a retail level. The court found that proof of two conspiracies did not prejudice the defendants because the jury would not impute the guilt of members of one conspiracy because of the illegal activities of the other conspiracy. Hines, 717 F.2d at 1490. Here Council bought from the Perez organization and sold to others. Council's part in the conspiracy was established by overwhelming evidence.
 
 III.
 
 27
 Council complains that the court erred in finding that Council knew of at least 15 to 50 kilograms of cocaine possessed and distributed through the conspiracy. Council argues that the evidence connected him with only about 11.22 kilograms of cocaine. Accordingly, Council argues that he should have been sentenced at level 32 rather than level 36.
 
 
 28
 The standard of review for determining whether the court erred in imposing sentence is whether the court's factual determinations underlying the sentence are supported by a preponderance of the evidence. United States v. Brooks, 957 F.2d 1138 (4th Cir.1992).
 
 
 29
 Sentencing Guideline Sec. 1B1.3 provides that "the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. Sec. 1B1.3, Application Note 2. Proof of the quantity of cocaine reasonably foreseeable to the defendant must be established by a preponderance of the evidence. United States v. Vinson, 886 F.2d 740 (4th Cir.1989), cert. denied, 493 U.S. 1062 (1990). The court must make specific findings as to the amount that defendant could have reasonably foreseen. United States v. Williams, 880 F.2d 804 (4th Cir.1989).
 
 
 30
 The amount of cocaine directly attributable to Council was approximately 14 kilograms. The district court found at the sentencing hearing that, based on the testimony of all witnesses, that at least 15 to 50 kilograms were either directly attributable to Council or reasonably foreseeable to Council. Obviously, Council was a part of the conspiracy. The use of pagers and repainting the automobiles for the organization was done to assist others in the distribution network. It was reasonably foreseeable that the organization would distribute a great deal more drugs than that delivered directly to or on behalf of Council. Accordingly, the finding of 15 to 50 kilograms only required a determination that it was reasonably foreseeable by Council that during his association with the organization it distributed several kilograms in addition to the 14 kilograms directly attributable to Council. This finding is supported by a preponderance of the evidence.
 
 
 31
 Council received a two level increase in his sentence for obstruction of justice pursuant to Sec. 3C1.1 based on his perjury at trial. Council claims that the district court just read the language of United States v. Dunnigan, 61 USLW 4180 (1993). Council claims that this is evidence that the district court enhanced his sentence in a "wooden" and "reflex" manner.
 
 
 32
 Dunnigan requires the court to make separate and clear findings that defendant committed perjury in a manner that was designed to obstruct justice. The District Court read the standard set out in Dunnigan, but substituted he for she.
 
 
 33
 The trial court's findings of obstruction of justice are reviewed for clear error. United States v. Saintil, 910 F.2d 1231, 1233 (4th Cir.1990). The District Court clearly made a separate finding as required by Dunnigan. The mere fact that the Court used almost the exact language of Dunnigan does not make the enhancement wooden. The facts of this case lent themselves particularly well to exactly the same finding as was made by the district court in Dunnigan. Applying a standard exactly as set out in a controlling case is not necessarily a wooden or reflex application, especially when the standard as set out is perfectly applicable to the case at bar.
 
 
 34
 The district court was not clearly erroneous in finding that Council had committed perjury in a manner designed to obstruct justice.
 
 IV.
 
 35
 Council claims that he was not given a Miranda warning. Agents testified that they did read him his rights. Council argues that the district court should have granted his motion to suppress statement made to government agents because they failed to Mirandize him.
 
 
 36
 The standard of review for determining whether the trial court erred in making findings of fact underlying a motion to suppress is whether the findings were clearly erroneous and the legal ruling is reviewed de novo. United States v. Powell, 611 F.2d 37, 41 (4th Cir.1979).
 
 
 37
 The district court was faced with conflicting testimony as to whether Council had been read his rights. The court made a determination that the testimony of the government's agents was more credible than that of Council. This cannot be said to be clearly erroneous as it is supported by the testimony of the government agents, Busker and Lewis.
 
 
 38
 The court also denied Council's motion to suppress because it was not timely filed. Federal Rule of Criminal Procedure 12(c) allows the court to set a time for the making of pretrial motions. The Local Rule provides that all pretrial motions must be filed within 15 days of the filing of defendant's arraignment order. Council was arraigned in December of 1992. Council's motion to suppress was filed on February 3, 1993. The court was clearly not in error when it found that Council's motion was untimely.
 
 
 39
 In addition, Council objects to the following charge given to the jury:
 
 
 40
 Now there has been some mention about Miranda warnings to the defendant. You need not concern yourself with that matter. That is a question decided by the Court and should not enter into your deliberations in this matter.
 
 
 41
 The standard of review of the court's charge to the jury is de novo. United States v. Opdahl, 930 F.2d 1530 (11th Cir.1991). At the suppression hearing, the district court had made a finding that Council had received Miranda warnings and that his statements were voluntary. The district court had ruled on the motion to suppress and it would not have been proper for the jury to have considered evidence regarding the failure to give Miranda warnings. This question had already been decided by the court and was not an issue for the jury.
 
 V.
 
 42
 For the foregoing reasons, the judgment of the district court is
 
 
 43
 AFFIRMED.