**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4569

TYHEIM SHAWNDALE LITTLE, a/k/a
Israel, a/k/a Is,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4586

TREVOR LITTLE, a/k/a Tragedy, a/k/a
Trag,
Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-95-198)

Submitted: July 15, 1997

Decided: September 11, 1997

Before HALL, MURNAGHAN, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel S. Corey, Poca, West Virginia; Christopher J. Havens, Charleston, West Virginia, for Appellants. Rebecca A. Betts, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, Tyheim Shawndale Little (No. 96-4569) and Trevor Little (No. 96-4586) appeal from their multiple jury convictions after a four-day trial for various drug trafficking crimes and their resulting life sentences. Because we find that the trial court did not err in any of its evidentiary rulings during trial, that the evidence is sufficient to support the convictions, and that Appellants were properly sentenced, we affirm Appellants' convictions and sentences.

Construed in the light most favorable to the Government, the evidence discloses that Appellants were engaged in a drug trafficking network in which they acquired quantities of cocaine and cocaine base in New York City and then distributed the drugs in Charleston, West Virginia. The two organized numerous persons to support the drug trafficking conspiracy in various ways, including couriers, distributors, runners, protectors, and chauffeurs. The drug trafficking operation began to unravel in 1995 when some of their minions were arrested.

In December 1995, Trevor was finally arrested after engaging police in a high speed chase through residential areas of Charleston. Several police officers in several cars were involved in the chase, dur-

2

ing which the vehicle in which Trevor fled drove onto a sidewalk to avoid hitting a police vehicle parked in an intersection. One police car blew out a tire during the chase and narrowly avoided hitting a bus. When the vehicle finally came to a stop, Trevor exited with a loaded semi-automatic handgun and attempted to flee on foot. In the course of his flight, Trevor fell off a cliff and injured his back. Trevor was hospitalized for approximately one week due to his injuries.

The officer who arrested Trevor after his fall ("Harper") advised him of his Miranda rights at the scene. He testified that he found Trevor to be conscious and attentive and that Trevor stated he understood his rights. Trevor later testified at a suppression hearing that he did not remember being told his rights at the scene but acknowledged that he knew what his Miranda rights were because he had been arrested before.

The police guarded Trevor at all times during his hospitalization. During this time, he made several incriminating statements to police officers which he later sought to suppress. The district court denied the suppression motion after a two-day hearing. Both Appellants assert that the court improperly denied the suppression motion because Trevor was unable to understand his Miranda warnings due to his injuries and his subsequent hospitalization and treatment.

This court reviews the district court's factual findings on Appellants' motion to suppress for clear error. United States v. McCraw, 920 F.2d 224, 227 (4th Cir. 1990). Whether Trevor knowingly and intelligently waived his Fifth Amendment rights is also a question of fact which this Court reviews for clear error. United States v. Gordon, 895 F.2d 932, 939 (4th Cir. 1990). The Court reviews the district court's legal conclusions de novo. United States v. Daughtrey, 874 F.2d 215, 217 (4th Cir. 1989).

After hearing testimony, the district court found as matters of fact that Harper advised Trevor of his Miranda rights when he was arrested; that Trevor knew what his Miranda rights were and that Trevor knew he was indicted. The court also found that Trevor was advised of his right to counsel; that he was alert, responsive, and talkative while hospitalized even though he was medicated; that Trevor was again advised of his Miranda rights in the hospital; and that he

3

"volunteered" the incriminating statements he made to police officers who guarded him in the hospital. We find that none of these factual findings is clearly erroneous. We further conclude that these findings support the court's decision to admit Trevor's incriminating statements under 18 U.S.C. § 3501 (1994) in the prosecution of both Appellants.

Both Appellants assert that the evidence was insufficient to support their convictions of conspiracy. The jury's verdict must be upheld if there is substantial evidence, taking the view most favorable to the government, to support the finding of guilt. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989). The necessary elements to support a conspiracy conviction include: (1) an agreement among the defendants to do something illegal; (2) knowing and willing participation in the agreement; and (3) an overt act in furtherance of the purpose of the agreement. United States v. Meredith , 824 F.2d 1418, 1428 (4th Cir. 1987). Knowledge and participation in the conspiracy may be proved by circumstantial evidence. Id.

Construing both direct and circumstantial evidence in the light most favorable to the Government, we find it sufficient to support the jury's verdicts that both Appellants engaged in a conspiracy to distribute crack cocaine. It is clear from trial testimony that Trevor and Tyheim worked together to obtain and to distribute the drugs.

Both Appellants also assert that the district court erred in permitting the Government to introduce into evidence plea agreements of co-defendants Spence and Adkins. Neither raised this objection at trial, however, and we find no plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993); Fed. R. Crim. P. 52(b). Appellants fail to establish error at all, plain or otherwise. Government witnesses' plea agreements may be admitted to explain the government's procedures and the relationship between it and its witnesses, and the admission of such plea agreements does not constitute improper "bolstering." See United States v. Lewis , 10 F.3d 1086, 1089 (4th Cir. 1993).

Both Appellants also assert that the sentencing court erred in applying an enhanced sentence for "crack" pursuant to USSG § 2D1.1 because the Government did not establish by a preponderance of the

4

evidence that the cocaine base they distributed was crack rather than another form of cocaine base. Again, we review this claim for plain error because Appellants did not raise this objection below. We find Appellants have failed to establish plain error in this respect.

Both Appellants continue that the sentencing court relied upon unreliable hearsay testimony to determine drug quantities for sentencing purposes. They allege that the findings contained in the presentence reports, which the sentencing court adopted, are clearly erroneous because they are based on inaccurate testimony.

The Government need only establish quantity by a preponderance of the evidence, and this court accepts those findings of fact unless they are clearly erroneous. United States v. Williams, 986 F.2d 86, 90 (4th Cir. 1993). The sentencing court may consider all evidence before it at sentencing in determining quantity. United States v. Wilson, 896 F.2d 856, 858 (4th Cir. 1990). The court may rely upon any relevant information without regard to its admissibility under the rules of evidence provided that the information has sufficient indicia of reliability to support its probable accuracy. United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992). With these standards in mind, we find that a preponderance of the evidence supports the court's calculations of quantity, and that the Littles' claims to the contrary are meritless.

Both Appellants also assert that the Government violated due process by issuing indictments that did not specify a definite quantity of crack which they allegedly distributed. They maintain that because of this failure to specify an amount in the indictments, they were not notified that they might be subjected to enhanced penalties under 21 U.S.C. § 841(b). The quantity of drugs is a sentencing factor which the Government need only establish by a preponderance of the evidence at sentencing. Williams, 986 F.2d at 90. Drug quantity is not a substantive element of a § 841 offense. United States v. Fletcher, 74 F.3d 49, 53 (4th Cir.), cert. denied, #6D 6D6D# U.S. ___, 65 U.S.L.W. 3260 (U.S. Oct. 7, 1996) (No. 95-9447). Therefore, we conclude there is no requirement that the indictment set forth a specific quantity of controlled substance.

Appellants also object to the sentencing court's imposition of sentencing enhancements for their roles in the offense and for possession

5

of firearms. It is within the discretion of the district court to determine that a defendant was an organizer or leader of criminal activity that involved five or more participants for purposes of a four-level increase in offense level under USSG § 3B1.1. United States v. Hyppolite, 65 F.3d 1151, 1159 (4th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3708 (U.S. Apr. 22, 1996) (No. 95-8395). This court reviews the district court's factual determination regarding the defendants' roles in the offense under § 3B1.1 for clear error. Id. Since there was ample evidence presented at trial and at sentencing that supported the district court's conclusion that Appellants were "equal partners" in leading a drug possession and distribution conspiracy with "five levels" in the possession and distribution ring, we find no clear error.

This court also reviews a weapon enhancement under USSG § 2D1.1(b)(1) for clear error. United States v. Rusher, 966 F.2d 868, 880 (4th Cir.), cert. denied, 506 U.S. 926 (1992). Under that Guidelines section, the sentencing court applies a two-level enhancement if a dangerous weapon was possessed. Since there was ample evidence that both Trevor and Tyheim carried and used firearms in the course of their drug trafficking exploits, the court's § 2D1.1 enhancement was not clearly erroneous.

Trevor alleges that the court improperly enhanced his sentence under USSG § 3C1.2 for reckless endangerment during flight. That section provides for a two-level increase in offense level "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person" while fleeing from a police officer. We review the district court's determination that Trevor's flight from law enforcement presented a reckless risk of endangerment for clear error. United States v. Chandler, 12 F.3d 1427, 1433 (7th Cir. 1994). We find no clear error here. Trevor, who was armed with a loaded handgun, evaded capture by authorities in a high speed chase that involved several vehicles. His willful, reckless conduct during flight clearly could have caused injury to others.

Trevor also asserts that the court improperly adjusted his sentence for obstruction under USSG § 3C1.1 because there was insufficient evidence that his conduct was "obstructive." Whether Trevor's conduct amounted to obstruction of justice is a legal question which we

6

review de novo, <u>United States v. Saintil</u>, 910 F.2d 1231, 1232 (4th Cir. 1990), but we review the underlying factual findings for clear error. <u>Daughtrey</u>, 874 F.2d at 217.

As the court observed, there was "abundant evidence" presented to support this two-level increase in offense level. One of the Government's witnesses who testified against the Little brothers stated that Trevor threatened him and that he seriously considered not testifying as a result of the threats, and the witness was transferred to another jail because of the threats. We conclude that Trevor's intimidating comments to the witness support the court's sentencing enhancement for obstruction.

Finally, Tyheim asserts that the court clearly erred in attributing 4829.18 grams of cocaine base to him because the court failed to find that the full amount was reasonably foreseeable or jointly undertaken by him under USSG § 1B1.3. We find the court's quantity calculation adequately supported by the record.

For these reasons, we affirm both Appellants' convictions and sentences. We deny Trevor Little's motion for oral argument and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7