UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4353

DWIGHT KNIBBS, a/k/a Paul Bougle,
a/k/a Jamaican Paul,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-90-122)

Submitted: October 28, 1997

Decided: November 24, 1997

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul M. McKay, MCKAY & MCKAY, Wheeling, West Virginia, for
Appellant. William D. Wilmoth, United States Attorney, Lisa Grimes
Johnston, Assistant United States Attorney, Wheeling, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following a jury trial, Dwight Knibbs was convicted of engaging in a continuing criminal enterprise, see 21 U.S.C. § 848 (1994); two counts of aiding and abetting the possession with intent to distribute cocaine base, see 21 U.S.C. § 841(a)(1) (1994), 18 U.S.C. § 2 (1994); three counts of distributing cocaine base, see 21 U.S.C. § 841(a)(1) (1994); three counts of distributing cocaine base to a person under the age of twenty-one, see 21 U.S.C. § 845(a) (renumbered to § 859(a) by the Crime Control Act of 1990, Pub. L. No. 101-647,§ 1002 (1990)); and possession of a firearm during and in relation to a drug trafficking crime, see 18 U.S.C. § 924(c)(1) (1994). On appeal, Knibbs contends that (1) his cross-examination violated his Fifth Amendment right to remain silent, (2) he received ineffective assistance of counsel based upon counsel's own conduct and two rulings made by the district court, (3) the prejudicial value of a photograph of plastic sandwich bags substantially outweighed its probative value, (4) the Government suborned perjury, and (5) the district court erred by enhancing his sentence for obstruction of justice. For the reasons stated below, we affirm his convictions and resulting life sentence.

Knibbs organized a crack distribution ring in the Wheeling, West Virginia, area in 1989. Knibbs employed numerous persons, including juveniles, many of whom testified at trial, to sell $100 packages of crack cocaine. Witnesses testified that sales ranged from $1000 to $10,000 per day. In addition, the organization possessed several firearms. Knibbs was known to use a firearm to keep his runners in line. Knibbs was indicted for numerous narcotics offenses in 1990, but he had already fled the area and was not apprehended until 1995.

Knibbs voluntarily testified on his own behalf. He now contends that some of the Government's questions on cross-examination, which were asked without objection, violated his Fifth Amendment

2

right to remain silent. Knibbs correctly asserts that a defendant's decision to testify does not operate as a waiver of the privilege. See Fed. R. Evid. 608. However, the Fifth Amendment protects against compelled testimony. If a witness desires the protection of the Fifth Amendment, "he must claim it or he will not be considered to have been `compelled' within the meaning of the Fifth Amendment." See United States v. Monia, 317 U.S. 424, 427 (1943). Because Knibbs voluntarily testified and answered the Government's questions without asserting the protection of the Fifth Amendment, he was not compelled to answer the Government's questions. See Minnesota v. Murphy, 465 U.S. 420, 427 (1984).

Knibbs also contends that he received ineffective assistance of counsel. He points to his counsel's failure to object to the cross-examination discussed above, the district court's failure to grant a longer continuance, and the denial of a motion for appointment of co-counsel. As for the latter two assertions, it is Knibbs's contention that the court's rulings resulted in his having a counsel who was not sufficiently prepared to go to trial. Claims regarding the effectiveness of counsel are considered on direct appeal only if "it `conclusively appears' from the record that defense counsel did not provide effective assistance." United States v. Gastiaburo , 16 F.3d 582, 590 (4th Cir. 1994) (quoting United States v. Fisher, 477 F.3d 300, 302 (4th Cir. 1973)). We have held that these claims are better left to a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). Because the record does not conclusively demonstrate that Knibbs received ineffective assistance of counsel, we will not review the claims.

Knibbs, citing Fed. R. Evid. 403, contends that the prejudicial impact of the admission of a photograph of plastic sandwich bags with the corners removed outweighed its probative value. The Government contended that the sandwich bags were evidence of drug paraphernalia. A district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion. That discretion is abused only when the district court acted arbitrarily or irrationally. See United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994). A photograph of sandwich bags is unlikely to elicit an emotional response from the jury, see Fed. R. Evid. 403 advisory committee note, and the photograph did not dominate the evi-

3

dence or mislead the jury. Accordingly, we conclude that the district court did not abuse its discretion in admitting the photograph as evidence.

Knibbs further contends that the Government knowingly presented false testimony. The testimony at issue was not objected to at trial and, thus, is reviewed for plain error. See United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996). Knibbs fails to show that the witness's testimony was false. At best, the testimony merely contradicted Knibbs's own testimony. Thus, we find no plain error.

Finally, Knibbs asserts that the court erred in increasing his offense level by two levels for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (1995). Whether Knibbs's conduct amounted to obstruction of justice is a legal question which is reviewed de novo. See United States v. Saintil , 910 F.2d 1231, 1232 (4th Cir. 1990). The underlying factual findings are reviewed for clear error. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). The district court clearly stated that, among other reasons, the two-level enhancement was due to Knibbs's perjury at trial. The court examined the record and made all the appropriate findings. See United States v. Dunnigan, 507 U.S. 87, 95 (1993). Accordingly, the district court did not err in imposing the enhancement.

We therefore affirm Knibbs's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

4