968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Richard Oliver JOHNSON, Defendant-Appellant.
 No. 91-5673.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 23, 1992
Decided: July 16, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CR-90-396-A)
 Drewry B. Hutcheson, Jr., Alexandria, Virginia, for Appellant.AT1Richard Cullen, United States Attorney, Dennis M. Kennedy, Assistant United States Attorney, Gary S. Barthel, Special Assistant United States Attorney, Alexandria, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Richard Oliver Johnson was convicted by a jury of aggravated criminal sexual assault, 18 U.S.C. §§ 2242(a)(1), 2 (1988), assault causing serious bodily injury, 18 U.S.C. § 113(f) (1988), and two counts of witness tampering, 18 U.S.C. §§ 1512(b)(1)-(b)(2)(A), 1512(c)(4) (1988). He appeals his conviction and the sentence imposed. We affirm.
 
 
 2
 Johnson and Army Specialist Diane Horn lived together for about four years and had three children before he moved out of their apartment at Horn's request. According to Horn, Johnson returned about one month later and after seeing another man in the apartment, beat her in the kitchen and then raped her in the bathroom where she went to get a towel because she was bleeding. A witness present in the apartment during the incident substantially corroborated Horn's testimony. A military police sergeant who entered the apartment just after Johnson fled through a window and a medical technician who treated Horn and transported her to the hospital also testified. The Federal Bureau of Investigation agent who arrested Johnson testified about inculpatory statements Johnson made at the time of his arrest.
 
 
 3
 Johnson himself testified that he did not remember beating Horn, but admitted that she somehow got beaten up in the kitchen; he said that she consented to having sex with him immediately afterward on the bathroom floor. Although Johnson points out minor inconsistencies in the testimony of the government witnesses, and suggests that Horn falsely accused him to get custody of their children, we find that the evidence was sufficient to support the jury's verdict. United States v. Samad, 754 F.2d 1091, 1096 (4th Cir. 1984) (substantial evidence necessary, taking view most favorable to government).
 
 
 4
 The district court found that a four-level increase in the base offense level was warranted because Horn received life-threatening injuries. See United States Sentencing Commission, Guidelines Manual, § 2A3.1(b)(4)(A) (Nov. 1990). Johnson contends that her injuries were only serious, and deserving of a two-level increase under guideline section 2A3.1(b)(4)(B). Because the facts were uncontradicted, the resolution of the issue requires an interpretation of the scope of these provisions and is reviewed de novo. United States v. Daughtrey, 874 F.2d 213 (4th Cir. 1989). The district court based its decision on information in the presentence report detailing the injuries Horn suffered and a statement from the medical attendant who treated her which disclosed that he found Horn in shock, having lost a large amount of blood, that she passed out while he was examining her, and might have died had her injuries gone untreated. We find that the district court did not err in its determination of this question.
 
 
 5
 Finally, Johnson objects to the district court's finding that he obstructed justice, which resulted in a further two-level upward adjustment of his offense level. The district court found that the adjustment could be given for either his untruthful trial testimony or a series of letters he sent to Horn before the trial in which he apologized for beating her, urged her not to testify that he had raped her, said that she knew he had not raped her and that God would judge her if she lied, and threatened to commit suicide.* Johnson maintains that the letters were simply a product of his personal turmoil at the time and were not intended to influence Horn. This issue, too, is reviewed de novo, because it concerns an evaluation of the scope of this adjustment based on undisputed facts. United States v. Saintil, 910 F.2d 1231, 1232 (4th Cir. 1990).
 
 
 6
 We have since held that a defendant's trial testimony is not a proper basis for a finding of obstruction of justice, United States v. Dunnigan, 944 F.2d 178 (4th Cir. 1991), cert. granted, 60 U.S.L.W. 3798 (U.S. 1992) (No. 91-1300). However, attempting to threaten, intimidate, or otherwise unlawfully influence a witness is conduct for which the adjustment may be correctly given. U.S.S.G. § 3C1.1, comment. (n.3(a)). Johnson's letters cannot be characterized as either threatening or intimidating, but they can reasonably be considered as an attempt to persuade Horn to alter her testimony or to lie. Our review of the letters shows that they were certainly meant to dissuade Horn from giving damaging testimony against him on the more serious rape charge. Therefore, we find that the adjustment was properly made. See United States v. Cherif, 943 F.2d 692, 703 (7th Cir. 1991), cert. denied, 60 U.S.L.W. 3673 (U.S. 1992).
 
 
 7
 We accordingly affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Johnson's witness tampering convictions involved phone calls he made to his mother-in-law on the night of the offense