48 F.3d 1218
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Zeb Gilmer SHEFF, Jr., Defendant-Appellant.
 No. 94-5096.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 21, 1995.
Decided March 9, 1995.
 
 David F. Freedman, WHITE & CRUMPLER, Winston-Salem, N.C., for Appellant. Walter C. Holton, JR., United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before HAMILTON and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Zeb Gilmer Sheff pled guilty to conspiracy to possess crack with intent to distribute, 21 U.S.C.A. Sec. 846 (West Supp.1994), and was sentenced to serve 168 months imprisonment. He appeals this sentence, contending that the district court erred in enhancing his sentence on the ground that he obstructed justice by threatening a witness. United States Sentencing Commission, Guidelines Manual, Sec. 3C1.1 (Nov.1993). We affirm.
 
 
 2
 Sheff was arrested after undercover Drug Enforcement Administration (DEA) Agent Charles Graham bought 912.7 grams of crack in a purchase arranged by Sheff. While Sheff was awaiting processing at the Sheriff's Department, Detective Kendall, who was processing a co-defendant, heard Sheff say, "I am going to kill that motherfucker." At Sheff's sentencing hearing, the detective testified that she told Sheff it was not a good idea to threaten an officer in the presence of another officer, and that Sheff merely shook his head.
 
 
 3
 The detective relayed the threat to Graham, who confronted Sheff a few minutes later and asked why Sheff had threatened him. Graham testified at sentencing that Sheff answered that he made the statement because he was angry, and made it clear that the threat was intended for Graham. Graham also testified that the next day he spoke to Pat Lowery, a cooperating witness who introduced Graham to Sheff and would have testified against Sheff had he gone to trial. Lowery told Graham that "Tony," an enforcer for Sheff's organization, had told him he was going to kill Graham, Lowery, and everyone connected with Lowery. Tony allegedly also stole a pistol from Lowery which he said he would use to do the killings. Tony Settle was arrested a short time later. When asked about his statements to Lowery, Settle said Sheff had directed him to do whatever was necessary to eliminate Graham.
 
 
 4
 Sheff testified at sentencing that he made the statement because he was upset with Lowery for introducing him to Agent Graham, but that he did not intend to take any action. He said he told the detective that he was not referring to the DEA agent, and that he told Agent Graham the threat had not been meant for him. He said he knew Tony Settle, but was not involved with him.
 
 
 5
 The district court found Sheff's testimony less credible than Graham's, but decided not to consider the agent's information about the encounter between Lowery and Tony Settle. It found that Sheff had made a threat to Graham in the detective's presence, and that the adjustment thus applied.
 
 
 6
 Section 3C1.1 provides for a two-level adjustment if the defendant willfully obstructs or attempts to obstruct the administration of justice during the investigation, prosecution, or sentencing of the instant offense. Application Note 3(a) states that "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so," is conduct to which the enhancement applies. Whether particular conduct qualifies for the adjustment is a question which is reviewed de novo. United States v. Saintil, 910 F.2d 1231, 1232 (4th Cir.1990). The district court's factual determinations are reviewed for clear error. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir.1989).
 
 
 7
 Sheff contends that his statement was merely an emotional outburst which was not intended to convey an actual threat to any witness in order to impede the administration of justice. He argues that he thus lacked the specific intent to obstruct justice which is required under section 3C1.1. He also maintains that his statement was not a threat because there was little likelihood that the threatened party would learn of the statement. Sheff relies on the fact that he did not name the person he was threatening to kill. He also relies on United States v. Brooks, 957 F.2d 1138, 1149-50 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992), in which a threat to a witness spoken to a third party was held insufficient for an obstruction of justice adjustment because the witness was not likely to learn of it, nor was it clear that Brooks intended the witness to learn of it. In Brooks, the district court disregarded another threat made directly to the witness. We remanded for resentencing, suggesting that the district court might base the adjustment on the direct threat to the witness.
 
 
 8
 While in this case the district court did not make a specific finding on willfulness, it found that Sheff had made a threat and was not just letting off steam. This factual finding encompasses a finding of willfulness. We cannot say that the court's finding was clearly erroneous. The court found Sheff's assertion that his threat was directed at Lowery less credible than Agent Graham's testimony that Sheff acknowledged he had intended it for Graham. Because the threat was made in the presence of another officer, Graham learned about it within minutes, as Sheff could easily have foreseen. The circumstances are thus different from those which were found inadequate to support the adjustment in Brooks, and we find that the adjustment was appropriately made.
 
 
 9
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED