**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5793

WILLIE BURLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-94-10059)

Submitted: July 16, 1996

Decided: November 1, 1996

Before HALL and NIEMEYER, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assis-
tant Federal Public Defender, Charleston, West Virginia, for Appel-
lant. William D. Wilmoth, United States Attorney, Thomas O.
Mucklow, Assistant United States Attorney, Wheeling, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Willie Burley appeals his sentence for conspiracy to distribute crack cocaine and aiding and abetting money laundering. He claims that the district court erred when it increased his offense level by two levels for obstruction of justice. United States Sentencing Commission, Guidelines Manual, § 3C1.1 (Nov. 1994). Finding no error, we affirm.

Burley was released on bond pending trial. Several days prior to the scheduled trial, defense counsel informed the prosecutor and the court that he was uncertain where Burley was. Counsel stated that it was possible that Burley would not appear for trial on November 28. When Burley failed to appear for jury selection and trial, a warrant for his arrest was issued. Officials arrested him on December 6, following a six-hour stand-off during which Burley, who had been using crack, held a gun to his head and threatened to commit suicide.

Burley subsequently pleaded guilty to conspiracy to distribute crack cocaine and aiding and abetting money laundering. He testified at sentencing that his fear of going to trial had caused him to begin smoking crack cocaine. Burley objected to the recommendation in his presentence report that his offense level be increased by two levels because of his willful failure to appear for trial. He contended that his failure to appear was not willful because of his use of crack. The district court found that, given Burley's disappearance and the six-hour stand-off with law enforcement officials, Burley had obstructed justice. Burley now contests the increase under U.S.S.G. § 3C1.1.

That guideline provides for a two-level increase if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G.§ 3C1.1. Willfully failing

2

to appear for a judicial proceeding as ordered is an example of conduct to which the enhancement applies. Id., comment. (n.3(e)). Burley's argument is that his crack use overrode his will, so that his failure to appear was not willful.

We review the district court's factual findings for clear error. United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995). The court's determination that particular conduct qualifies for the adjustment is reviewed de novo. United States v. Saintil, 910 F.2d 1231, 1232 (4th Cir. 1990). It is undisputed that Burley did not appear for trial and that, once located, he held officers at bay for six hours while threatening suicide. Further, Burley himself testified that he was afraid of going to trial and that he began smoking crack. It is apparent that he decided to smoke crack, instead of appear at trial, of his own volition. Given these circumstances, the district court did not clearly err in finding that Burley obstructed justice within the meaning of the guideline.

We dispense with oral argument because our review of the materials before us reveals that argument would not aid the decisional process. We deny the motion to dismiss the appeal and affirm the sentence.

AFFIRMED

3