UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4403

BOBBY PELFREY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-97-488)

Submitted: October 30, 1998

Decided: November 23, 1998

Before WILKINS and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dale Warren Dover, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Michael E. Rich, Assistant United
States Attorney, Heather R. Epstein, Special Assistant United States
Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bobby Pelfrey appeals his conviction for one count of interfering with a flight attendant, 49 U.S.C. § 46504 (1994), and one count of assault in special aircraft jurisdiction, 49 U.S.C.§ 46506 (1994). Pelfrey contends the court erred in denying his motion for a judgment of acquittal and in imposing a two-level enhancement to his Sentencing Guidelines' offense level for obstruction of justice. Finding no reversible error, we affirm.

Taken in the light most favorable to the Government, see United States v. Burgos, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868), the evidence at Pelfrey's trial established the following facts. In December 1997, Pelfrey was on board a transatlantic Lufthansa flight originating in Frankfurt, Germany, and scheduled to arrive at Dulles International Airport. Flight attendant Monika Zachariae served Pelfrey three beers and three double whiskeys during the nearly seven hour flight. She also sold him a bottle of Johnnie Walker Black Label from the duty free cart.

An hour before landing, Pelfrey entered the lavatory. After he exited, Zachariae noticed a large cloud of smoke in the lavatory and asked Pelfrey if he had been smoking in the lavatory. He ignored her question, pushed her aside, and proceeded to his seat. Zachariae contacted the purser, Hans Peter Grabow, and they approached Pelfrey. Grabow smelled cigarette smoke and noticed that Pelfrey was drunk. Grabow told Pelfrey that it was illegal to smoke on the airplane.

Grabow and Zachariae spoke privately. Zachariae told Grabow of the drinks Pelfrey consumed and of the duty free liquor purchase. Grabow returned to Pelfrey and, after a slight struggle, took the duty free liquor bottle from him; he observed that the bottle was open and

2

missing some of its contents. Because it is illegal to drink duty free liquor purchases during flight, Grabow confiscated the liquor bottle.

Shortly thereafter, the plane began its descent, and the fasten seat belt light illuminated. Zachariae began preparations for landing and passed Pelfrey's seat to confirm his seat belt was fastened. Pelfrey jumped into the aisle and demanded to speak with Grabow. Zachariae instructed Pelfrey to sit down and to fasten his seat belt. Pelfrey grabbed her by the upper arms and shook her violently. Zachariae struggled to break free, as she knew that the plane was about to land and that she needed to assume her landing duty position. Zachariae was unable to perform the mental checklist flight attendants are obligated to review prior to landing. She suffered black and blue marks and fingernail marks on her upper arm.

Pelfrey testified in his own defense at trial. He admitted that he was drunk during the flight. However, he denied demanding to speak to the purser or grabbing or kicking Zachariae. At the close of the Government's case, Pelfrey moved for a judgment of acquittal, contending that there was little evidence he interfered with Zachariae's duties. The motion was denied.

In relevant part, § 46504 states that "[A]n individual on an aircraft in the special aircraft jurisdiction of the United States who, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interferes with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, shall be fined under title 18, imprisoned for not more than 20 years, or both."

Pelfrey contends that the legislative history of the statute shows it was intended only to punish conduct that interferes with the safety of the aircraft. This was not an issue raised in the district court, and accordingly, we review only for plain error. Pelfrey must show that: (1) an error occurred; (2) which was plain; and (3) which affected substantial rights. Even if Pelfrey successfully identifies error, we will correct the error only if it seriously affected the fairness, integrity, or public reputation of judicial proceedings. See United States v. Romer, 148 F.3d 359, 367 (4th Cir. 1998).

3

Pelfrey fails to identify any error. It is well established that the first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. The inquiry ceases if the statutory language is unambiguous and the scheme coherent and consistent. See Robinson v. Shell Oil Co., 519 U.S. 337 (1997). There is no support in the statute for Pelfrey's contention that an element of the statute includes showing that the defendant interfered with the safety of the aircraft. See United States v. Tabacca, 924 F.2d 906 (9th Cir. 1991) (interpreting the predecessor to § 46504, 49 U.S.C. App. § 1472(j), and concluding that the safety of the aircraft need not be endangered). As for the object of Pelfrey's interference, the statute merely requires the Government to show beyond a reasonable doubt that Pelfrey interfered with a flight attendant's duties. Because there was no error in the interpretation of the statute, we decline review of this issue.

Pelfrey also contends that his motion for a judgment of acquittal should have been granted because there was insufficient evidence to support his conviction even if the safety of the aircraft was not a relevant consideration. Specifically, Pelfrey argues that there was insufficient evidence that he interfered with Zachariae's "safety-related duties" or "essential duties."

When a motion for judgment of acquittal is based on insufficiency of the evidence, "the conviction must be sustained if the evidence, when viewed in the light most favorable to the Government, is sufficient for any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." Romer, 148 F.3d at 364.

We note that the statute does not require interfered-with-duties to be essential or related to the safety of the airplane. Words that are not defined within the statute are accorded their plain and ordinary meaning. See Scrimgeour v. Internal Revenue, 149 F.3d 318, 327 (4th Cir. 1998). A duty is "[A]n act or a course of action required of one by position." Webster's II New Riverside University Dictionary 411 (1994). Zachariae testified that Pelfrey's conduct interfered with her getting in her proper seat position for landing and prevented her from performing her mental checklist. She also testified that she was in shock after the assault and could not recall any of the events on board the plane until after it landed and reached its parking position.

4

Because there was testimony that Pelfrey's conduct interfered with Zachariae's duties, there was sufficient evidence to sustain the conviction and Pelfrey's contention is without merit.

Pelfrey contends that the court erred in imposing a two-level enhancement to the offense level for obstruction of justice based upon the finding that he gave false material testimony at trial. See U.S. Sentencing Guidelines Manual § 3C1.1 (1997). A witness commits perjury if he: (1) gives false testimony; (2) concerning a material matter; and (3) with the willful intent to deceive, rather than as a result of confusion or mistake. See United States v. Smith , 62 F.3d 641, 646 (4th Cir. 1995). Once the defendant objects to an adjustment based upon perjury, the district court "must review the evidence and make independent findings necessary to establish a willful impediment to, or obstruction of, justice, or an attempt to do the same, under the perjury definition. . . ." United States v. Dunnigan, 507 U.S. 87, 95 (1993).

Whether Pelfrey's conduct amounted to obstruction of justice is a legal question which is reviewed de novo. See United States v. Saintil, 910 F.2d 1231, 1232 (4th Cir. 1990). The underlying factual findings are reviewed for clear error. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

At sentencing, the court stated that:

> [T]he two-point enhancement is appropriate in this case, because the testimony of the defendant was not that his mind was clouded or he didn't think this had happened. It was a direct confrontation with Ms. Zachariae. He essentially called her a liar. He forced the jury to have to make a credibility finding.
>
> The trial testimony clearly included not just the victim, Ms. Zachariae, but enough direct confirming evidence from other witnesses that it was quite clear to the Court that Ms. Zachariae, the victim, was telling the truth and that Mr. Pelfrey was not, and therefore, I find that the obstruction enhancement is properly given in this case.

5

> The law does not in any respect infringe on a defendant's right to go to trial. The guidelines are quite clear that there is no, no aspect of the guidelines in any way interfere with the defendant's right to trial, but if a defendant does go to trial, he does not have a right to give false testimony, and I find in this case that false testimony was given.

(J.A. at 234-35).

We conclude that the court's finding encompasses all necessary factual predicates to support an offense-level enhancement for obstruction of justice. The court found that Pelfrey was not confused as to his recall of events, but willfully gave false testimony. It also found that he directly contradicted Zachariae as to whether there was any confrontation between him and her, physical or otherwise, during the descent. This event was the focus of the charges against Pelfrey. See United States v. Queen, 132 F.3d 991, 1000 (4th Cir. 1997) (it is sufficient if court identifies that the defendant willfully testified falsely to a material matter), cert. denied, ___ U.S. ___, 118 S. Ct. 1572 (1998).

Based on the foregoing, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

6