**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                No. 98-4631

RODNEY ALLEN HAYNES,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-98-27)

Submitted: June 8, 1999

Decided: September 21, 1999

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Carl J. Dascoli, Jr., MICHAEL R. CLINE LAW OFFICES, Charles-
ton, West Virginia, for Appellant. Rebecca A. Betts, United States
Attorney, Monica K. Schwartz, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Rodney Allen Haynes was convicted pursuant to his guilty plea of one count of conspiracy to distribute and to possess with intent to distribute methamphetamine. On appeal, he alleges that the district court clearly erred in determining the amount of drugs attributable to him because it relied on the inconsistent and incredible testimony of the Government's witnesses instead of believing his testimony. Haynes further alleges that the district court erroneously enhanced his base offense level for obstruction of justice[1] and by refusing to grant his motion for a downward departure for acceptance of responsibility.[2] Finally, Haynes alleges that his trial and appellate counsels rendered ineffective assistance in a variety of ways.[3] Finding no reversible error, we affirm.

Haynes and his girlfriend, Jennifer Jones ("Jones"), were apprehended following a controlled purchase of methamphetamine by a cooperating individual. Subsequent searches of their persons, vehicle, and residence resulted in the seizure of almost 400 grams of methamphetamine and several firearms. Additional testimony at sentencing resulted in Haynes being held accountable for between 1.5 kg and 5 kg of methamphetamine.

We review the district court's calculation of the amount of drugs attributable to Haynes for clear error and find none. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). Jones, the investigating officer, and another cooperating individual ("Rucker") testified concerning the extent of Haynes' drug activities. Historically, we have been reluctant to overturn a trial court's credibility determinations, and there is nothing in the record before us which would justify a deviation from this practice. See id. We further find that, contrary to Haynes' allegations, the district court made specific findings concerning the disputed drug amounts when it stated which portions of the witnesses' testimony it would consider.

---

**1** See **U.S. Sentencing Guidelines Manual**, § 3C1.1 (1997).
**2** See USSG § 3E1.1.
**3** Haynes raises this last issue in a pro se supplemental brief.

2

We review the district court's decision to enhance Haynes' base offense level for obstruction of justice de novo and find no error. See United States v. Saintil, 910 F.2d 1231, 1232 (4th Cir. 1990). Rucker testified that during her last meeting with Haynes, he grabbed her by the throat, made threatening remarks to her and used obscenities, brandished a weapon, told her he knew what she was doing, and told her to leave and never come back. In addition, Jones testified that Haynes asked her to lie during her sentencing testimony concerning when and how she was introduced to methamphetamine and how much she was using.[4] We find that this testimony provided a sufficient basis for the district court's finding that Haynes obstructed justice. See USSG § 3C1.1, comment. (n.3(a), (b)) (intimidating or threatening a witness and suborning or attempting to suborn perjury are examples of obstruction).

Because the enhancement for obstruction of justice was appropriate, a downward adjustment for acceptance of responsibility is only justified in exceptional circumstances, and we find no such circumstances here.[5] As a result, the district court properly denied Haynes' motion.

We review claims of ineffective assistance of counsel on direct appeal only when the ineffectiveness "conclusively appears" on the record. See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). Otherwise, such claims should be raised in the district court in a habeas corpus proceeding rather than in this court by direct appeal. See id. In the present case, we find that the errors Haynes complains of are primarily tactical decisions and are not so clearly erroneous as to justify review on direct appeal.

_____

[4] We reject Haynes' contention that the Government engaged in some form of misconduct when it transported him and Jones from the detention facility to the sentencing hearing in the same van. As a threshold matter, Haynes did not raise this issue at trial. Therefore, it is waived. Nevertheless, we find nothing in the record suggesting that the Government intentionally placed Haynes and Jones together in the hope of eliciting some type of aggravating conduct. In fact, the record shows that joint transportation is routine procedure and that Haynes was the one who initiated the conversation.

[5] See USSG § 3E1.1, comment. (n.4).

3

Accordingly, we affirm Haynes' conviction and sentence. Haynes' motion to file a pro se supplemental brief is granted. Haynes' motion "for consolidation of both the appellate and supplemental appeals brief" is denied as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4