**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

ADEDOYIN ADETOROY, a/k/a

Adedoyin Adetoro, a/k/a
Mohammed Fard, a/k/a Cory
Watson, a/k/a Bradley Miller,
<u>Defendant-Appellant.</u>

No. 99-4284

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-98-170)

Submitted: September 30, 1999

Decided: November 12, 1999

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

R. Clarke Vandervort, Charleston, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, Philip H. Wright, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Adedoyin Adetoroy* pled guilty to one count of bank fraud in violation of 18 U.S.C.A. § 1344 (West Supp. 1999) and was sentenced to a term of thirty months' imprisonment. Adetoroy appeals his sentence, challenging the district court's determination of his relevant conduct, the amount of restitution, an enhancement for obstruction of justice, and a denial of a downward adjustment for acceptance of responsibility. We affirm in part, vacate in part, and remand.

Adetoroy first challenges the court's determination of relevant conduct. In addition to his guilty plea to one count of bank fraud, Adetoroy admitted committing certain fraudulent acts in West Virginia beginning in April 1998. He further admitted involvement with co-defendant Olaitan Balogun in committing bank fraud in West Virginia. Adetoroy contends, however, that Balogun independently committed the acts of fraud the court attributed to him as relevant conduct and that Balogun acted with a separate accomplice in committing them.

District courts may take "relevant conduct" into account in determining a defendant's sentence whether or not the defendant has been convicted of the charges constituting the relevant conduct. See U.S. Sentencing Guidelines Manual § 1B1.3; United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). Section 1B1.3(a)(1)(A) of the Sentencing Guidelines provides that relevant conduct includes all acts of the defendant, acts aided and abetted by him, and acts for which he is otherwise accountable which were "in furtherance of" the offense of conviction. Further, § 1B1.3(a)(1)(B) provides that all reasonably foreseeable acts and omissions of others in furtherance of jointly

_____

*We have maintained the spelling of Appellant's name as it was docketed in the district court.

2

undertaken criminal activity, involving a criminal plan, scheme, endeavor, or enterprise, whether or not charged as a conspiracy, may be considered relevant conduct when calculating a sentence. In cases of fraud, § 1B1.3(2) provides for inclusion of all acts mentioned in § 1B1.3(B) that were part of the same course of conduct or common scheme or plan as the offense of conviction. The government must establish the existence of these reasonably foreseeable acts and omissions by a preponderance of the evidence. See Jones, 31 F.3d at 1316 (citing United States v. Uwaeme, 975 F.2d 1016, 1018 (4th Cir. 1992)). Whether the government has successfully shouldered its burden of proof is a question of fact reviewed for clear error. See Jones, 31 F.3d at 1316.

The probation department conducted an extensive investigation into the fraudulent acts of Adetoroy and Balogun from January 1998 to September 1998. The results of that investigation were that Adetoroy, in conjunction with Balogun and Dimiji Bright, engaged in an extensive scheme to defraud banks in West Virginia and other states during 1998. At the sentencing hearing, Balogun testified that she and Adetoroy did engage in fraudulent activities in West Virginia involving opening checking and/or savings accounts under phony names, "boosting" those accounts with checks written on credit card accounts or legitimate checking accounts that had been "taken over," and then withdrawing funds from the accounts before the banks detected the fraudulent activity. Purchases on the credit cards and bank cards of these fraudulent accounts were also made.

Secret Service Agent Gina Noschese, who was involved in the investigation, also testified at the sentencing hearing regarding the different fraudulent activities by Adetoroy and Balogun. The presentence investigation report, adopted by the district court, along with the testimony elicited at the sentencing hearing, established that Adetoroy, in concert with Balogun, in concert with Bright, and on his own, engaged in a well-organized scheme to defraud banks in West Virginia. The scheme involved several different acts of fraud involving several different aliases and different addresses, yet the method of operation was similar in every case. Thus, the evidence established that Adetoroy engaged in virtually an uninterrupted spree of fraudulent acts, all following the same pattern of establishing mail drops, opening accounts, and making fraudulent transfers from one account

3

to another during April 1998, May 1998 and July through September 1998. Accordingly, we find that the district court's factual findings and determination of relevant conduct were not clearly erroneous. See United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994).

Adetoroy next contends that the district court's order of restitution for $54,859.74 includes $5000 from a fraudulent transaction in the name of John Amoruso for which he should not be held responsible.

Because Adetoroy failed to object to the restitution order during his sentencing hearing, we review for plain error. See United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995). Under the Victim and Witness Protection Act (VWPA) of 1982, the district court may order a defendant to pay "restitution to any victim" of an offense of conviction. 18 U.S.C. § 3663(a)(1) (West Supp. 1999); see United States v. Blake, 81 F.3d 498, 506 (4th Cir. 1996) (observing that the authority of a district court to order restitution is limited to the terms of the VWPA). As Blake explains, an individual or organization is a "victim" under § 3663 if the act that harms them is either "conduct underlying an element of the offense of conviction, or an act taken in furtherance of a scheme, conspiracy, or pattern of criminal activity that is specifically included as an element of the offense of conviction." Blake, 81 F.3d at 506. Additionally, § 3663(a)(3) provides that "[t]he court may . . . order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." Therefore, if a plea agreement states an amount of restitution greater than the loss attributable to the offense of conviction, the defendant may still be ordered to pay up to the sum specified in the plea agreement. See United States v. Broughton-Jones, 71 F.3d 1143, 1147-48 (4th Cir. 1995).

Here, Adeteroy's plea agreement included a provision in which he assented to pay restitution of $54,825 "[n]otwithstanding the offense of conviction." J.A. 25. In imposing restitution, however, the district court did not refer to the agreement and in fact imposed restitution of $54,859.74, an amount $34.37 higher than the agreed-upon amount. The order of restitution thus does not appear to have been based on the agreement of the parties pursuant to § 3663(a)(3).

The award of restitution is also inconsistent with § 3663(a)(1). The offense of conviction, as contained in Count Three of the Superseding

4

Indictment, encompassed the Bradley Miller and Cory Watson frauds and the identified victim is Bank One, West Virginia. (JA I, 19). The presentence report attributes a loss of $16,800 to the Bradley Miller fraud and $8800 to the Cory Watson fraud. (JA II, 174). Thus, it appears that the loss for the offense of conviction is $25,600, well below the amount agreed upon in the plea agreement. Also, the victims as identified by the court at sentencing, Bank One, Chase Manhattan Bank and NationsBank, go beyond the single victim listed in the indictment and in the PSR for the offense of conviction, which was Bank One. Further, the frauds committed by Adetoroy that caused losses to NationsBank and Chase Manhattan did not constitute an element of the offense of conviction. The court therefore erred in ordering Adetoroy to pay restitution to NationsBank and Chase Manhattan Bank.

The restitution order of the district court thus was erroneous; moreover, the error was plain in light of the clear language of the VWPA and the holding of this court in <u>Blake</u>. Further, the imposition of restitution that complied neither with § 3663(a)(1) nor the plea agreement affected Adetoroy's substantial rights. We also conclude that the circumstances of this case warrant the exercise of our discretion to notice plain error. <u>See United States v. Olano</u>, 507 U.S. 725, 732-37 (1993) (setting forth standards guiding plain error analysis). Accordingly, we vacate the district court's order of restitution and remand for imposition of an order of restitution that complies either with the plea agreement or with § 3663(a)(1).

Adetoroy next contends the district court erred in enhancing his base offense by two levels for obstruction of justice under USSG § 3C1.1 because there was no evidence at the sentencing hearing that he made materially false or misleading statements and nothing in the presentence investigation report specified any false or misleading statement allegedly made by him.

An adjustment for obstruction of justice is warranted "[i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation . . . of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct[.]" USSG § 3C1.1. This adjustment includes provid-

5

ing materially false information to a probation officer in respect to a presentence or other investigation for the court. See USSG § 3C1.1, comment. (n. 4(h)). We review the district court's factual findings concerning obstruction of justice for clear error. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). Whether the district court properly applied § 3C1.1 to the defendant's conduct is reviewed de novo. See United States v. Saintil, 910 F.2d 1231, 1232 (4th Cir. 1990).

Adetoroy denied involvement in or knowledge of specific acts of fraud that were included as relevant conduct by both the probation department after its investigation and the district court. The presentence report listed specific denials Adetoroy made during the presentence investigation interview, and the findings and recommendations of that report were adopted by the district court. While the court disagreed with the presentence report and determined that two separate acts of fraud that occurred in January 1998 were not attributable to Adetoroy, his denials during the presentence investigation encompassed more than those two acts. Adetoroy also denied involvement in any fraudulent activity in April 1998, in the use of mail drops, in the Chrnie King fraud, and the Kevin Ossey fraud. At the conclusion of the sentencing hearing, however, the district court attributed all of these acts of fraud to Adetoroy as relevant conduct. Therefore, the district court's determination that materially false information was given by Adetoroy during the presentence investigation was not clearly erroneous. Furthermore, Adetoroy's enhancement was based on his denials of involvement in or knowledge of several acts of fraud which the court determined were part of his scheme to defraud banks in West Virginia. The denial of this conduct clearly related to the relevant conduct in his case and, therefore, directly affected his sentence. Therefore, the court correctly determined that Adetoroy's denials of relevant conduct fell within § 3C1.1 and the application notes.

Finally, Adetoroy argues that he should have received a downward adjustment, pursuant to USSG § 3E1.1(a), for acceptance of responsibility. He contends that the court failed to give consideration to the degree of his cooperation in the investigation.

The Sentencing Guidelines provide for a two-level decrease of the offense level if the defendant clearly demonstrates acceptance of

responsibility for his offense. See USSG§ 3E1.1(a). The application notes to § 3E1.1 explain that a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility. See USSG § 3E1.1, comment. (n. 1(a)).

The district court found at the conclusion of the hearing that Adetoroy had not fully accepted responsibility for his involvement in the fraudulent scheme and denied the decrease in offense level for acceptance of responsibility. The record is clear that Adetoroy did not acknowledge involvement in fraudulent acts which the court ultimately determined were part of the spree of fraudulent conduct he committed in West Virginia in 1998 and therefore were relevant conduct. Further, the relevant portion of the presentence investigation report, which was adopted by the court, recommended denying Adetoroy the downward adjustment and listed specific acts of fraud for which Adetoroy denied responsibility.

Based on our review of the record, particularly the transcript of the sentencing hearing wherein Adetoroy personally addressed the court, we find the district court's factual findings and determination regarding Adetoroy's lack of acceptance of responsibility were not clearly erroneous.

For the foregoing reasons, we affirm the district court's findings and determination with respect to the issues of relevant conduct, the enhancement for obstruction of justice, and denial of acceptance of responsibility. We vacate the order of restitution and remand for further consideration by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART,
AND REMANDED

7