**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 99-4418

DAVID HUNTER MAUNEY, III,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-97-251)

Submitted: March 31, 2000

Decided: April 18, 2000

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Daniel Boyce, BOYCE & ISLEY, Raleigh, North Carolina,
for Appellant. Walter C. Holton, Jr., United States Attorney, Douglas
Cannon, Robert M. Hamilton, Assistant United States Attorneys,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

David Hunter Mauney was convicted on twenty-nine counts of mail fraud, wire fraud, conspiracy to commit mail and wire fraud, and money laundering, in violation of 18 U.S.C. §§ 2, 371, 1341, 1343, 1346, 1957(a) (1994), and sentenced to a term of sixty months' imprisonment and a term of seventy-eight months' imprisonment to be served consecutively. On appeal, Mauney challenges the district court's denial of his motion for a judgment of acquittal, and the district court's denial of a motion to suppress testimony pursuant to United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998). Mauney also appeals the district court's finding of loss to Mauney's employer, application of a sentencing enhancement for obstruction of justice, and refusal to depart downward in sentencing.

The standard of review for a denial of a motion for judgment of acquittal is "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982). To prove a violation of 18 U.S.C.§§ 1341 or 1343, the government must prove fraudulent intent, which may be inferred from the totality of the circumstances rather than by direct evidence. See United States v. Ham, 998 F.2d 1247, 1254 (4th Cir. 1993); United States v. Scott, 730 F.2d 143, 147 (4th Cir. 1984). The Government presented sufficient evidence from which the jury could reasonably infer that Mauney intended to defraud his employer. The evidence was also sufficient to enable a jury to find a conspiracy based on Mauney's joint activities with and acceptance of kickbacks from Edward Seymour.* Furthermore, the Government produced suf-

_____

*Mauney's appeal does not challenge the sufficiency of the evidence in regard to a conspiracy between Mauney and his other co-defendants.

2

ficient evidence showing that Mauney's kickbacks were included in the price of the contracts on which his employer was to pay vendors, and, accordingly, showed a loss to Mauney's employer.

Mauney challenges the application of 18 U.S.C. § 1346 (1994) to schemes to defraud private corporations. Section 1346 states that "the term scheme or artifice to defraud includes a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346. The plain language of § 1346 does not restrict its application to public officials. Moreover, courts have consistently found the fraud statute at issue applicable to private sector conduct both before enactment of § 1346, see United States v. Shamy, 656 F.2d 951, 957 (4th Cir. 1981), and subsequently, see United States v. Frost, 125 F.3d 346, 366 (6th Cir. 1997); United States v. Jordan, 112 F.3d 14 (1st Cir. 1997) (affirming mail fraud conviction of corporate officer who defrauded his company). And even if Mauney were correct in his view that if the statute reaches private sector conduct it only covers private conduct causing tangible loss, this requirement would be met in this case for reasons already discussed. Accordingly, we find the district court did not err in denying Mauney's motion for acquittal.

Mauney next argues that the district court should have suppressed the testimony of his co-defendant, Edward Seymour, who testified against Mauney pursuant to a plea agreement. The basis for Mauney's argument is the Tenth Circuit's panel decision in United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998) (holding such government action to be in violation of 18 U.S.C. § 201(c)). We definitively rejected this argument in United States v. Richardson, 195 F.3d 192, 195-97 (4th Cir. 1999), cert. denied, 120 S. Ct. 837 (2000). Moreover, the panel decision in Singleton has since been overruled. See United States v. Singleton, 165 F.3d 1297 (10th Cir. 1999) (en banc), cert. denied, 119 S. Ct. 2371 (1999). Accordingly, the district court did not err in denying the motion to suppress.

Mauney challenges the increase in his base offense level under U.S. Sentencing Guidelines Manual § 2F1.1(b)(1) (1998), arguing that his employer suffered no loss from Mauney's activities."Loss" under USSG § 2F1.1(b)(1) is the actual, probable, or intended loss to the victim. See United States v. Parsons, 109 F.3d 1002, 1004 (4th Cir. 1997). However, "the loss need not be determined with precision" and

3

"the offender's gain from committing the fraud is an alternative estimate that ordinarily will underestimate the loss." U.S. Sentencing Guidelines Manual, § 2F1, comment. (n. 9). We review de novo the district court's legal interpretation of the term"loss." See United States v. Castner, 50 F.3d 1267, 1274 (4th Cir. 1995). The district court's determination of the amount of loss is a factual matter, and therefore we review for clear error. See id. The evidence at trial clearly demonstrated that Mauney's kickbacks and commissions were included in the contract prices due from his employer. Accordingly, we find the district court did not err in attributing a loss to Mauney's employer and increasing Mauney's base offense level pursuant to § 2F1.1(b)(1) of the Sentencing Guidelines.

Mauney challenges the district court's application of a sentencing enhancement for obstruction of justice. Whether Mauney's conduct amounted to an obstruction of justice is a legal question that is reviewed de novo. See United States v. Saintil , 910 F.2d 1231, 1232 (4th Cir. 1990). We review the underlying factual findings for clear error. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). The district court, after thoroughly considering all of the arguments and testimony presented, found Mauney's testimony untruthful when Mauney denied that any of the payments he received were kickbacks or in any way related to his employer's cotton contracts. The district court's statements implicitly found each element of perjury, and therefore the enhancement was not clearly erroneous.

Finally, Mauney challenges the district court's refusal to depart downward in sentencing on the basis that Mauney's employer suffered no loss as a result of Mauney's kickbacks. We review the district court's decision for abuse of discretion. See Koon v. United States, 518 U.S. 81, 96-100 (1996). As described above, the district court found, based on substantial evidence, that Mauney's scheme caused a loss to his employer. The district court calculated that loss to be approximately $1,400,000. Because such a finding was consistent with the evidence, we find the district court did not abuse its discretion in failing to depart downward.

We affirm Mauney's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED