**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4947

HEYWOOD MONROE BELL,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-99-104)

Submitted: June 20, 2000

Decided: June 30, 2000

Before MURNAGHAN, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jacqueline A. Hallinan, Charleston, West Virginia, for Appellant.
Rebecca A. Betts, United States Attorney, Ray M. Shepard, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Heywood Monroe Bell was convicted pursuant to his guilty plea of possession with intent to distribute crack cocaine. On appeal, he alleges that the district court improperly enhanced his base offense level for obstruction of justice[1] and that he was entitled to a downward adjustment for acceptance of responsibility. [2] Finding no reversible error, we affirm.

Police officers observed Bell and his cousin ("Woods") engaging in what appeared to be drug transactions. The officers ultimately arrested Bell and Woods and seized almost $2600 from Bell's person and a substantial amount of crack cocaine hidden nearby.

During the sentencing phase of Bell's trial, the Government produced a letter Bell wrote to Woods while they were both in pretrial confinement. The purpose of the letter was to provide a false story for Woods to tell investigators. Unbeknownst to Bell, however, Woods had already agreed to cooperate with the authorities. The Government also produced evidence that Bell made threats against Woods and another co-conspirator. On appeal, Bell alleges that the district court erred by considering the letter to Woods because he did not have prior notice that it would be used.[3] Bell also claims that the court erred by failing to make a materiality determination.

We review the district court's decision to enhance Bell's base offense level for obstruction of justice de novo, and we find no error. See United States v. Saintil, 910 F.2d 1231, 1232 (4th Cir. 1990). The record shows that, at the time he entered into a plea agreement, both Bell and his attorney were aware that the Government would present evidence showing that Bell threatened witnesses and that he prepared a false story for Woods to give to the police. Because Bell admitted

_____

[1] **U.S. Sentencing Guidelines Manual** ("USSG") § 3C1.1 (1998).
[2] USSG § 3E1.1.
[3] The probation officer did not mention the letter in the presentence report.

2

to writing the letter, we find no surprise in its use at sentencing. We further find that, while some types of obstructive conduct require a finding of materiality, influencing a co-defendant and suborning perjury do not.**4**

Because the enhancement for obstruction of justice was appropriate, a downward adjustment for acceptance of responsibility would only be justified in exceptional circumstances. **5** We find no such circumstances here. As a result, the district court properly declined to reduce Bell's base offense level.

Accordingly, we affirm Bell's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**4** **See** USSG § 3C1.1, comment. (n.4(a), (b)).
**5** **See** USSG § 3E1.1, comment. (n.4).